### CROCKER v. INGERSOLL ENGINEERING & CONSTRUCTING CO.

(District Court, E. D. Michigan, S. D. September 10, 1912.)

1. QUIETING TITLE (§ 34*)—REMOVAL OF CLOUD—BILL.

Where a bill to remove a cloud on title alleged that complainant contracted to sell land to A., who executed a declaration of trust to defendant, a Pennsylvania corporation, and that complainant was induced to consent to the transfer of the land contract to defendant, an allegation that such consent was obtained by complainant being shown such declaration of trust, and the assurance of defendant's representative that it would be recorded, when in fact a declaration of trust to a West Virginia corporation bearing the same name as defendant was recorded instead of the declaration of trust to defendant, was demurrable as an allegation of fraud, since, even if the facts were true, they did not constitute a fraud on his rights.

[Ed. Note.—For other cases, see Quieting Title, Cent. Dig. §§ 69, 71, 72, 76, 77; Dec. Dig. § 34.*]

2. QUIETING TITLE (§ 34*)—CLOUD ON TITLE.

A bill alleging the execution and record of a contract for sale of land assigned to defendant, and that same had been forfeited by reason of defendant's failure to make the payments required, and asking for removal thereof, stated grounds for equitable relief to remove a cloud on title.

[Ed. Note.—For other cases, see Quieting Title, Cent. Dig. §§ 69, 71, 72, 76, 77; Dec. Dig. § 34.*]

3. QUIETING TITLE (§ 37*)—CLOUD ON TITLE—PLEA—ISSUES.

In a suit to set aside a contract for the sale of land as a cloud on title for defendant's failure to make the required payments thereunder, allegations in a plea that complainant did not have title in fee simple, free and clear of all liens and incumbrances, was demurrable, as evasive, in failing to allege in what respect the title was defective, and was insufficient to raise an issue as to the validity of complainant's title.

[Ed. Note.—For other cases, see Quieting Title, Cent. Dig. § 78; Dec. Dig. § 37.*]

In Equity. Suit by Martin Crocker against the Ingersoll Engineering & Constructing Company. On demurrer to part of bill and plea to rest. Demurrer to part of bill sustained, and plea overruled.

Martin Crocker, of Mt. Clemens, Mich., in pro. per.
Fritz Radford, of Detroit, Mich., for defendant.

TUTTLE, District Judge. [1] The bill alleges that complainant is the owner of certain real estate in Macomb county, this division and district; that he gave a land contract for the sale thereof to one Alexander, which contract was recorded in the office of the register of deeds of that county; that Alexander executed a declaration of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

·trust to the defendant, a Pennsylvania corporation, said declaration stating that the dealings of Alexander with complainant had been as ·an agent of the ·defendant; that Alexander conveyed all his rights under the land contract by deed to the defendant; that upon the request of a representative of the defendant, and on being shown the declaration of trust and the deed from Alexander to the defendant, and upon the assurance of the defendant's representative that the declaration of trust would ·be recorded in the office of the register of deeds of Macomb county, the complainant signed a written consent to the transferring of the land contract from Alexander to the defendant; that this consent was secured through fraud, because a deed of trust to a West Virginia corporation bearing the same name as the defendant was recorded instead of· the deed of trust to the defendant; that after the assignment of this contract the defendant made default in certain payments thereon, and. by reason thereof the complainant canceled the contract.

On these grounds the complainant prays for an injunction enjoining the defendant from interfering with complainant's possession of the real estate, for the cancellation of the land contract and the papers executed by Alexander and the complainant in assigning the contract, and for the removal of the cloud upon the title of complainant constituted by said recorded papers.

Defendant has demurred to so much of the bill as alleges fraud, and the court sustains this demurrer, on the ground that the failure to record the declaration of trust from Alexander to the defendant and the recording in place thereof of the declaration of trust from Alexander to the West Virginia corporation was, if anything, a breach of agreement, and not a misrepresentation of any existing fact; and, further, that it does not work any injury to the complainant, and therefore does not constitute fraud upon the complainant. The declaration of trust to the West Virginia corporation, like the one complainant alleges was executed to the defendant, was signed only by Alexander. The declaration of trust to the West Virginia corporation, under the allegations of the bill, was not and is not binding on complainant. If the declaration of trust to the defendant was on record, the complainant would be in no better position to-day.

Defendant pleads to the balance of the bill, setting up as a defense that complainant did not have and could not convey a title in fee simple to the land in question, free and clear of all liens and incumbrances, and was not in position to carry out the terms of the contract; that for this reason, and after certain payments had been made on the contract, and before defendant was in default, the defendant offered to surrender the contract and reconvey the land in question, and demanded from complainant a return of the moneys paid on the contract, together with the value of the improvements placed upon the real estate by the defendant, which tender and demand the complainant refused.

[2, 3] The complainant has taken issue upon the plea by filing a reply thereto, denying the allegations of the plea. If an·issue of fact

were raised which, if found in favor of the defendant, would make it necessary to dismiss the bill, the court would order proofs taken on the issue. This is not the situation, and the court overrules the plea because it does not show a complete defense to the bill. While many things might be said in criticism of the bill, it does show, among other things, that the land contract constitutes a cloud upon the complainant's title, and asks for a removal thereof. This is proper ground for equitable relief. The allegations of the plea are not sufficient to deprive the complainant of having this cloud removed. The plea does state that complainant did not have title in fee simple, free and clear of all liens and incumbrances, but this is not such a clear and distinct averment as to place at issue the title to the land. In order to have raised this issue, the plea should have set up all the facts, so that the court could tell whether such a plea was available. It does not allege in what respect the title is defective; it does not state any facts on which the court can base an opinion as to whether or not the conclusion of law stated in the plea is correct. In other words, the plea is evasive, in that it does not disclose the whole case on the facts, instead of setting up, as it does, a mere deduction and conclusion of law.

The language of the plea leads the court to believe that defendant does not claim that complainant has no title, but rather that there is some flaw or defect in the title. If the plea had properly alleged the facts showing this to be the situation, and the proofs should support those allegations, the complainant would still be entitled to have the cloud constituted by the contract removed, upon complying with such equitable conditions as a court in chancery might prescribe after a hearing and an accounting.

The plea is insufficient, and should be disallowed and overruled; and it is accordingly so ordered. The defendant may have 15 days in which to answer to that portion of the bill not covered by the demurrer. No costs shall be allowed to either party on the order sustaining demurrer or on the order overruling plea.